UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN L. HUNTER, | ) |
| | ) |
| Plaintiff, | ) No. 3:13-cv-00592 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| f/n/u WILLIAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983 against Corporal f/n/u Williams, Sergeant f/n/u Pierce, and the Montgomery County Jail, claiming that the defendants improperly placed the plaintiff on suicide watch for three days. (Docket No. 1). The plaintiff seeks one hundred thousand dollars ($100,000) for pain and suffering, mental anguish, and cruel and unusual punishment. (*Id.* at p. 5).

**I.    Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

1

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## II.     Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Analysis of Section 1983 Claim

The plaintiff alleges that, while incarcerated at the Montgomery County Jail on May 13, 2013, defendant Williams placed the plaintiff on suicide watch after finding two (2) Tylenol pills in a package on the side of his bed. The plaintiff maintains that he was given permission to take the pills later that day by jail nurse f/n/u Lehman. According to the plaintiff, he was not suicidal and was not demonstrating any behavior that would suggest he was suicidal.

However, the defendants kept the plaintiff on suicide watch for two days or forty-eight (48) hours. He alleges that he "froze" during this time as he had no shirt or blanket. He states that he was on a bare mattress, "naked underneath a cotton smock that someone else had on. Blonde hair was all over it." (Docket No. 1 at p. 5). The plaintiff alleges that the defendants required him to eat with his fingers while he was on suicide watch, and "[i]t was degrading and humiliating for [him]." (*Id.*) The plaintiff believes that he was placed on suicide watch as a form of punishment.

2

Courts who have considered similar claims brought by prisoners have concluded that there is no constitutional right to avoid being placed on suicide watch. *See Jones v. Lee,* 2012 WL 683362, at *4 (E.D. Mich. 2012)("Temporary placement on suicide watch, even when not necessary, does not implicate a liberty interest protected by the Due Process Clause nor does it amount to cruel and unusual punishment under the Eighth Amendment.")(citing *Sheldon v. Smith County Jail Medical Clinic*, No. 6:08cv68, 2010 WL 1658217, at *4 (E.D. Tex. Apr. 22, 2010); *Marshall v. Burden*, No. 5:09CV00128, 2010 WL 670079, at **4-5 (E.D. Ark. Feb. 22, 2010); *Starks v. Couch*, No. 08–cv–407, 2009 WL 331357, at *2 (S.D. Ill. Feb.11, 2009); *Reynolds v. Mattson*, No. 2:07–CV–59, 2008 WL 2704750, at *1 (W.D. Mich. July 9, 2008); *Cherer v. Frazier*, No. 2:06–cv–00502, 2007 WL 2406844, at **5-6 (D.Nev. Aug.16, 2007), *aff'd*, — Fed. Appx. —, 2012 WL 66842 (9th Cir. Jan.10, 2012)).

In *Reynolds v. Mattson,* 2008 WL 2704750, No. 2:07-CV-59 (W.D. Mich. July 9, 2008), a prisoner-plaintiff argued, like the plaintiff here, that the defendants subjected him to cruel and unusual punishment by placing him on suicide watch. The plaintiff pointed out that he was handcuffed and taken to an observation room, which had been stripped of everything but a mattress. He alleged that he was not allowed sheets, blankets, pillows, pillow cases or towels, and was not allowed clothing except for underwear and a suicide prevention gown. In evaluating Reynold's *pro se* Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983, the court concluded that

> While Plaintiff obviously found these circumstances uncomfortable, they do not suggest that Plaintiff was subjected to the unnecessary and wanton infliction of pain, even at a *de minimis* level, that would support an Eighth Amendment violation. Plaintiff's placement and treatment in the suicide observation cell does not amount to cruel and unusual punishment, even if such actions were not for a legitimate purpose.

*Id.* at \*1 (citing *Brown v. Caruso*, No. 2:07-CV-140, 2008 WL 299030, at \*4 (W.D. Mich. Feb.1, 2008) (stating that "Plaintiff's claim that he was placed in suicide watch does not rise to the level of an Eighth Amendment violation"); *Skinner v. Reed*, No. 07-4160-CV-C-NKL, 2008 WL 141669, at \*2 (W.D. Mo. Jan.11, 2008) ("Moreover, plaintiff's claims regarding assignment to a suicide cell fail to state a claim under the Eighth Amendment. Conditions are not cruel and unusual merely because they are harsh or uncomfortable.")).

Here, plaintiff Hunter's allegations that the defendants placed him on suicide watch for a period of two days after finding two Tylenol pills in his cell do not rise to the level of a due process or Eighth Amendment violation. Although the circumstances of those two days as described by Mr. Hunter were undoubtedly unpleasant for him, he has not established that he was subjected to an unnecessary and wanton level of pain. Furthermore, because there is no liberty interest in assignment to any particular prison, or housing unit within a prison, the plaintiff has no due process claim for being placed on suicide watch.

**IV. Conclusion**

For the reasons explained above, the court finds that the plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983. *See* 28 U.S.C. § 1915A(b). As such, his complaint will be dismissed.

An appropriate Order will be entered.

Kevin H. Sharp
United States District Judge

4